# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

SAM BURGEST,                          )
                                      )
      Petitioner,                  ) .
                                      )
v.                                    )          Case No.  CV605-105
                                      )
FREDERICK HEAD, Warden,               )
                                      )
      Respondent.                  )

## REPORT AND RECOMMENDATION

Respondent has filed a motion to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus on the ground that it is untimely.  Doc. 8.  For the following reasons, the Court recommends that respondent's motion be GRANTED and the petition be DISMISSED.

## I.    BACKGROUND

Petitioner was indicted in Screven County on charges of robbery and obstruction of an officer on January 10, 2000.  Resp. Ex. 4 at 41, 46-47.  On April 18, 2002, he entered a guilty plea to both charges.  Resp. Ex. 4 at 42, 48.  Petitioner was sentenced to fifteen years on the robbery charge, split

between ten years of imprisonment and five years of probation.  Resp. Ex. 4 at 44-45.  He was sentenced to five years imprisonment on the obstruction of an officer count, to be served concurrently with the first count.[1]  Id. Petitioner did not file a direct appeal.

On July 23, 2003, petitioner filed a petition for writ of habeas corpus in the Screven County Superior Court, challenging his 2002 guilty plea. Resp. Ex. 1.  After holding an evidentiary hearing on his petition on December 12, 2003, the state court issued an order denying the petition for habeas relief on September 27, 2004.  Resp. Ex. 2.

Petitioner then filed an application for certificate of probable cause to appeal with the Georgia Supreme Court, which was denied on September 20, 2005.  Resp. Ex. 3.  Petitioner filed the instant §2254 petition on September 28, 2005.  Doc. 1.

## II.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to include a one-year statute of limitations for

---

[1]Respondent mistakenly asserts that petitioner was sentenced to life imprisonment on the obstruction of an officer count.  Doc. 9 at 1.

habeas corpus petitions filed by state prisoners.  In the absence of (1) an impediment to seeking federal habeas relief created by illegal state action, (2) the recognition of a new retroactively applied principle of constitutional law by the United States Supreme Court, or (3) a factual basis for habeas corpus relief that was not discoverable before the running of the limitations period, the one-year limitations period begins to run on the date that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect.   28 U.S.C. § 2244(d)(1).   A conviction becomes final when direct review is concluded or when the time allotted for seeking direct review has expired.  28 U.S.C. § 2244(d)(1)(A); see also Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000).  The one-year limitation period is also tolled while a prisoner seeks state habeas corpus relief.  Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002).

Petitioner pleaded guilty on April 18, 2002.  His conviction became final on May 20, 2002,[2] after the thirty-day period for filing a notice of appeal with the Georgia Court of Appeals expired.  O.C.G.A. § 5-6-38; Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000).  At that point, the

---

[2]Petitioner had until Monday, May 20, 2002 to file his notice of appeal, as the thirtieth day fell on a Saturday.

3

one-year limitation period under AEDPA began to run, and the period of limitations expired a year later on May 20, 2003.  Although petitioner filed his state habeas petition on July 23, 2003, it did not operate to toll the one-year limitation period because the period had already expired.  Petitioner has not alleged any other grounds for tolling of the limitations period.  Consequently, petitioner's § 2254 petition for habeas relief in this Court, filed September 28, 2005, is untimely and should be dismissed.

## III.  CONCLUSION

Based upon the foregoing, respondent's motion to dismiss the instant § 2254 petition as untimely should be GRANTED, and the instant petition be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 23ʳᵈ day of **August, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA