UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| SAM BURGEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV605-105 |
| | ) | |
| FREDERICK HEAD, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Sam Burgest has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) This is not the Court's first analysis of Burgest's petition. In August 2006 the Court recommended dismissing Burgest's petition as untimely under the one-year limitations period set forth in 28 U.S.C. § 2244(d). (Doc. 10.) On September 11, 2006, the district judge issued an order adopting that recommendation. (Doc. 13.) That order did not end the matter.

Burgest appealed to the Eleventh Circuit. (Doc. 15.) His filings on appeal included two state court orders that had not been presented to this Court. One of the filings was an order denying Burgest's motion to

withdraw his guilty plea and another was an order denying his motion for reconsideration of his sentence. (Resp't Exs. 7, 8).[1] After reviewing the state court orders, the Eleventh Circuit reversed and remanded with instructions for the Court to reconsider the timeliness of Burgest's § 2254 petition in light of the state court orders. (Doc. 21.)

After reviewing those freshly submitted orders, the state now concedes—and this Court agrees—that Burgest's petition was timely filed. (Docs. 27, 28.) Accordingly, the Court will now turn to the merits of Burgest's § 2254 petition.

I. BACKGROUND

A grand jury in Screven County, Ga. indicted Burgest on January 10, 2000 on charges of robbery and obstruction of an officer. (Doc. 6 at 41, 46–47.) On April 18, 2002, Burgest pleaded guilty to both charges. (Id. at 42, 48.) In exchange for his guilty plea, the state agreed to waive recidivist sentencing and to recommend that Burgest receive an overall sentence of fifteen years on the robbery charge, split between ten years

---

[1] All of respondent Head's exhibits are attached to his "Notice of Filing." (See Doc. 28.)

of imprisonment and five years of probation, and five years of imprisonment on the obstruction of an officer charge, to be served concurrently with the first count. (Id. at 44–45.) The trial court accepted the plea agreement, and Burgest never filed a direct appeal, opting instead to file motions to withdraw his guilty plea and to modify his sentence. Both motions were denied.

Then, on July 23, 2003, Burgest filed a petition for a writ of habeas corpus in the Screven County Superior Court. (Doc. 6 Ex. 1.) On September 27, 2004, after holding an evidentiary hearing, the state court denied Burgest's petition. (Id. Ex. 2.) He applied to the Georgia Supreme Court for a certificate of probable cause to appeal, but that application was denied on September 20, 2005. (Id. Ex. 3.) He then filed his § 2254 petition in federal court on September 28, 2005. (Doc. 1.) In that petition Burgest asserts four grounds for relief: (1) ineffective assistance of counsel; (2) denial of due process; (3) denial of his right to withdraw his guilty plea; and (4) denial of his right to have his sentence modified. (Id.) The Court will address each of Burgest's asserted grounds for relief, but only after setting forth the applicable legal framework.

## II. ANALYSIS

### A. LEGAL FRAMEWORK

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The phrase "clearly established Federal law, as determined by the Supreme Court of the United States," id. § 2254(d)(1), means exactly what it says. If a federal habeas court cannot grant relief without first announcing a new rule of federal law, the petitioner is not entitled to federal habeas relief because the law was not "clearly established" at the time of conviction. Williams v. Taylor, 529 U.S. 362, 379–84 (2000).

Furthermore, to implement the "unreasonable application" clause of § 2254(d)(1), a federal court "should ask whether the state court's application of clearly established federal law was *objectively*

4

unreasonable." Williams, 529 U.S. at 410 (emphasis added). A federal court may not grant a § 2254 petition "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. Thus, the court entertaining the petition may not grant habeas relief based on its mere disagreement with the state court's decision. "This would amount to de novo review, which Congress clearly did not intend." Id.; Parker v. Head, 244 F.3d 831 (11th Cir. 2001); see also H.R. Rep. No. 104-518, at 111 (1996) (Conf. Rep.), as reprinted in 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an 'unreasonable application of,' clearly established federal law").

Additionally, in reviewing a state prisoner's habeas petition, a federal court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. at 67–68. "A federal habeas court may not issue the writ on the basis of a

state's interpretation of its own laws and rules, absent extreme circumstances." Breedlove v. Moore, 279 F.3d 952, 963 (11th Cir. 2002) (citing Pulley v. Harris, 465 U.S. 37, 42 (1984)). Consequently, if a state prisoner alleges he was denied due process, a federal habeas court's review is limited to violations of federal due process rights. See Woods v. Estelle, 547 F.2d 269, 271 (5th Cir. 1977).

Similarly, just as 28 U.S.C. § 2254(d)(1) limits the Court's review of a state conviction to a state court's unreasonable interpretation or application of federal law, § 2254(e)(1) limits the Court's review of a state court's findings of fact to errors that have been established by "clear and convincing" evidence. It does so by instituting a presumption of correctness for all of a state court's factfindings. 28 U.S.C. § 2254(e)(1). Although a petitioner may rebut that presumption of correctness, he may do so only by providing "clear and convincing evidence" that the state court's factfindings are wrong. Id.

With these considerations in mind, the Court will now turn to Burgest's asserted grounds for relief.

## B. Ineffective Assistance of Counsel

Burgest first asserts that his trial counsel provided ineffective assistance. (Doc. 1.) More specifically, Burgest alleges that his attorney coerced him into pleading guilty, failed to interview or subpoena defense witnesses, failed to obtain medical records, and failed to obtain an expert report regarding his mental fitness to stand trial.[2] Id. Burgest's allegations of coercion are based upon threats he allegedly received from the district attorney, his original defense attorney, and his attorney at the plea hearing. (Docs. 1, 29.) The substance of the "threats" was that if Burgest refused the state's plea offer, then he would be subject to sentencing as a recidivist offender. (Doc. 30 at 2.) Hence, Burgest now asserts that his counsel coerced him into pleading guilty and did not diligently represent him before he entered his guilty plea. (Doc. 1.)

Burgest pleaded guilty on the same day his trial was scheduled to begin. In fact, a jury had been empanelled. (Doc. 6 at 49.) Before the

---

[2] In addition to the grounds for relief asserted in his complaint, some of Burgest's later filings contain conclusory allegations that his right to a speedy trial was violated. (Docs. 30, 31.) Because this defense, along with any other valid defenses, may be waived by a valid guilty plea, it is not necessary to address the merits of this claim. Even if the Court did address this claim, it would not grant habeas relief on that ground since Burgest waived his right to a speedy trial on March 9, 2000. (Doc. 6 at 58.)

jury entered the courtroom, Burgest's attorney noted on the record that he had counseled his client to accept the state's plea offer, wherein the state agreed to waive recidivist sentencing and to recommend that Burgest receive a sentence of fifteen years on the robbery charge, split between ten years' imprisonment and five years' probation, and a sentence of five years on the obstruction of an officer charge, to be served concurrently with the sentence for robbery. (Id.) After hearing the attorney's on-the-record remarks, the trial judge indicated that he would be willing to approve the state's proposed agreement and asked Burgest to express his thoughts on the offer. (Id. at 49–50.)

At that point, Burgest reversed his position and told the judge that he wanted to accept the state's offer. (Id. at 50.) The judge temporarily excused Burgest from the courtroom to discuss the agreement with his attorney and to fill out a sworn statement. (Id.) In that statement, Burgest acknowledged that he was entering the plea voluntarily, that he understood the agreement and the rights he was waiving by entering into it, and that he was satisfied with his attorney's services. (Id. at 42.)

When Burgest returned to the courtroom, he was sworn in and questioned by the judge. The judge asked Burgest a few background

questions and then probed into the voluntariness of Burgest's plea. The judge found that a sufficient factual predicate for the plea existed and concluded that Burgest possessed the mental capacity necessary to appreciate the rights he was waiving by pleading guilty.[3] (Id. at 52–55.) Burgest now asserts that his plea was coerced.

Burgest's assertion does not entitle him to habeas relief. An unconditional guilty plea waives all available defenses and objections other than a challenge to the knowing and voluntary nature of the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Yet, "[i]t is axiomatic that a guilty plea 'lacks the required voluntariness and understanding if entered on the advice of counsel that fails to meet the minimum standards of effectiveness derived from' the Sixth Amendment." United States v. Sanderson, 595 F.2d 1021, 1021 (5th Cir. 1979) (per curiam) (quoting Trahan v. Estelle, 544 F.2d 1305, 1309 (5th Cir. 1977)). The effectiveness of counsel in cases resulting in the entry of a guilty plea is measured by the familiar two-part test in Strickland v. Washington, 466

---

[3] At one point the judge stated "You certainly appear to me to know what you're doing. You appear to be an intelligent man. Are you—has anyone threatened you in any way or promised you anything to force you to plead guilty?" Burgest responded, "No, sir." The judge followed up by asking, "Are you in fact guilty?" To which Burgest responded, "Yes, sir." (Doc. 6 at 55:14–20.)

U.S. 668, 687 (1984). See Hill v. Lockhart, 474 U.S. 52, 58 (1985). That test requires Burgest to demonstrate (1) that his counsel's assistance fell below an objective standard of reasonableness and (2) that but for his counsel's ineffectiveness there is a reasonable probability that "he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

Here, the allegedly ineffective assistance occurred in two different parts of the case. First, Burgest alleges that his counsel did not adequately prepare for trial by interviewing and deposing witnesses and failing to present an insanity defense at trial. (Doc. 1.) Not only are all such defenses waived by the entry of a guilty plea, but they have no merit in this case. None of Burgest's pleadings identify any exculpatory testimony that could have been offered by the witnesses he says should have been interviewed or deposed. And, contrary to Burgest's assertions, Burgest's attorney explored the possibility of an insanity defense but decided against it because both physicians who examined Burgest determined he "was competent to stand trial, responsible for the crimes in which he was accused and effectively had no mental defense . . . of insanity or impairment available to him." (Resp't Ex. 16 at 8–12.)

Second, Burgest alleges his attorney "misled and induced" him into entering a guilty plea. (Doc. 1.) However, the only allegation of inducement is Burgest's assertion that his attorney collaborated with the prosecutor in threatening to sentence him as a recidivist. (Docs. 1, 29–31.) And the record belies that assertion. Although the hearing transcript confirms that Burgest's attorney thought his client's best interest would be served by accepting the state's plea offer, which waived an otherwise applicable recidivist provision and resulted in a sentence well-below the statutory maximum, it does not contain a whiff of deception or coercion. (Doc. 6 at 50.)

It is well-settled that a guilty plea entered to avoid a more severe sentence is valid. North Carolina v. Alford, 400 U.S. 25, 30 (1970); Brady v. United States, 397 U.S. 742, 749 (1970). Burgest has failed to demonstrate that any statements made by his attorney went beyond informing him of the harsher sentence he could receive if he persisted in his desire to proceed to trial. Moreover, the state court judge explained in painstaking detail the rights Burgest was surrendering by pleading guilty. (Doc. 6 at 50–52.) Therefore, in terms of Strickland's first prong, there is no evidence that Burgest's counsel's conduct fell below an

objective standard of reasonableness. Strickland, 466 U.S. at 687. Burgest is not entitled to relief on this ground.

C. **Due Process**

Burgest's second asserted ground for relief is that he was denied due process by his counsel's failure to obtain a mental examination regarding his fitness to stand trial, his counsel's failure to obtain all of his medical records, and the state's failure to file a recidivist notice before his trial. Doc. 1.

"It is beyond dispute that a guilty plea must be both knowing and voluntary." Parke v. Raley, 506 U.S. 20, 29 (1992). These requisites are essential because of the number of constitutional rights implicated by a guilty plea and the consequences of such a plea. See Boykin v. Alabama, 395 U.S. 238, 242–43 (1969). "Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." Id. at 243 n.5; see also Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991) (en banc) (explaining that due process concerns, not the requirements of Rule 11 of the Federal Rules of Criminal Procedure, apply to federal review of a guilty plea entered in state court).

If, as Burgest now asserts, he was mentally incompetent at the time of his guilty plea, that plea is invalid. Sheley v. Singletary, 955 F.2d 1434, 1437 (11th Cir. 1992). However, as noted above, there is nothing in the record to support Burgest's assertion that he was mentally incompetent when he entered his plea. His attorney consulted the doctors who examined him, and both doctors concluded that he was fit to stand trial. See id. at 1438; see also Godinez v. Moran, 509 U.S. 389, 398–99 (1993) (stating that the question of whether a defendant is competent to enter a guilty plea is governed by the same standard used to determine his competence to stand trial). And the trial judge questioned Burgest at length and concluded that he was capable of understanding the nature of the proceedings. (Doc. 6 at 52–55.) Therefore, Burgest is not entitled to relief based on mental incompetence.

Further, his due process rights were not violated when the government filed its notice of intent to seek recidivist punishment on the day before his trial began. In addition to failing to cite any Supreme Court case law on this matter, Burgest waived any objection on this ground when he entered his plea. Tollett, 411 U.S. at 267. Therefore,

Burgest has not provided any evidence that his due process rights were violated.

## D. Failure to Permit Withdrawal of Guilty Plea

On May 10, 2002, Burgest filed a motion in state court to withdraw the guilty plea he entered on April 18th. (Resp't Ex. 5.)[4] The state denied that motion on July 18, 2002. (Id. Resp't Ex. 7.) He now asserts that the state court's denial of his motion to withdraw his plea violated his due process rights. (Doc. 1.) Not only has Burgest failed to cite any Supreme Court case law indicating that his federal rights were violated, he has not demonstrated that he was entitled by state law to withdraw his plea. Instead of having an absolute right to withdraw his plea, the right to withdraw is within the trial court's discretion. Nagelberg v. United States, 377 U.S. 266 (1964). A post-sentence motion to withdraw a guilty plea should only be granted in cases of "manifest injustice." Sullivan v. United States, 348 U.S. 170, 175 (1954). No such injustice occurred in this case.

---

[4] All of Burgest's exhibits are attached as exhibits to the government's notice of filing. (Doc. 28.)

If a person pleads guilty to violating state law, that person's ability to withdraw his guilty plea is a matter of state law. Georgia law permits a defendant to withdraw a guilty plea as a matter of right before his sentence is pronounced. O.C.G.A. § 17-7-93(b). Even after sentencing, the trial court retains discretion to allow the withdrawal of a plea. Dalton v. State, 534 S.E.2d 523, 526 (Ga. Ct. App. 2000). Nevertheless, "[i]t is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea[,] the trial court lacks jurisdiction to allow the withdrawal of the plea." Davis v. State, 561 S.E.2d 119, 119 (2002). In that situation, a habeas proceeding becomes the sole mechanism for the defendant to withdraw his guilty plea. Id. at 119–20. Furthermore, if the trial court lacks jurisdiction, neither the defendant nor the state holds the power to relax those jurisdictional rules. See Rodericus v. State, 605 S.E.2d 81, 83 (2004) (concluding that habeas court's transfer of an appeal to the trial court to hear and decide the petitioner's out-of-time motion to withdraw his guilty plea was void as an unauthorized exercise of authority).

In this case, the state has not argued that the term during which Burgest was sentenced had expired when he filed his motion to withdraw

his plea. However, because Burgest did not move to withdraw his guilty plea before he was sentenced on April 18, 2002, the trial court had discretion over whether to grant Burgest's motion. Therefore, there were no federal due process issues raised by the state court's refusal to allow Burgest to withdraw his guilty plea.

### E. Failure to Credit Burgest's Sentence

Burgest's final asserted ground for relief is that the state court denied his due process rights by failing to award him credit for time he has already served in medical facilities undergoing mental examinations after his arrest in 2000. To support his claim, Burgest points to 18 U.S.C. §§ 3584, 3585(b) and to the Eleventh Circuit's opinion in Palmer v. Dugger, 833 F.2d 253 (11th Cir. 1987). However, 18 U.S.C. §§ 3584, 3585(b) offer no relief to Burgest because they apply only to sentences imposed for violations federal—not state—law. 18 U.S.C. § 3551(a). Likewise, the Eleventh Circuit's holding in Palmer, 833 F.2d 253, not only fails to support Burgest's sentencing claim, it also illustrates why he is not entitled to habeas relief on this issue.

The Palmer Court aptly summarized the Supreme Court's holding in Williams v. Illinois, 399 U.S. 235, 240–41 ((1970), when it set forth the

general rule in this area and the exception to that rule. Generally, "a state prisoner has no federal constitutional right to credit for time served prior to sentence absent a state statute granting such credit." Palmer, 833 F.2d at 254. But, "a prisoner is entitled to credit for presentencing incarceration if three conditions are present: (1) the prisoner is held for a bailable offense; (2) the prisoner is unable to make bail because of indigence; and (3) upon conviction the prisoner is sentenced to the statutory maximum sentence." Id. at 255.

In Williams, 399 U.S. at 241–42, the Supreme Court explained the reason for the exception to the general rule: "[O]nce the State has defined the outer limits of incarceration necessary to satisfy its penological interests and policies, it may not then subject a certain class of convicted defendants to a period of imprisonment beyond the statutory maximum solely by reason of their indigence."

Burgest has not demonstrated that he qualifies for the exception to the general rule that "a state prisoner has no federal constitutional right to credit for time served sentence absent a state statute creating such credit." Palmer, 833 F.2d at 254. Even assuming that robbery and obstruction of an officer are bailable offenses and that Burgest could not

make bail because of his indigence, he did not receive the maximum sentence for robbery. Under O.C.G.A. §16-8-40, robbery carries a maximum prison sentence of 20 years, while O.C.G.A. § 16-10-24 provides a maximum prison sentence of five years for obstruction of an officer. Thus, Burgest's sentence of fifteen years on the robbery charge, split between ten years of imprisonment and five years of probation, and his accompanying five-year concurrent sentence for obstruction of an officer do not qualify him for § 2254 relief based on the Supreme Court's holding in Williams. (Doc. 6 at 44–45.)

Although he is serving the maximum sentence for obstruction of an officer, that time is being served concurrently with his split fifteen year sentence for robbery. Thus, his actual prison term will be ten years shorter than the statutory maximum for robbery, and his overall sentence, which includes five years of probation, is still five years short of the statutory maximum.

## III. CONCLUSION

Because Burgest knowingly and willingly entered into a valid plea agreement and has not shown any constitutional defects in his sentence

or conviction, his petition for habeas relief pursuant to § 2254 should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 2nd day of **January, 2008.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA